**FILED**
**May 07, 2026**
**10:51 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **GEORGE BOGGS,** <br> **Employee,** | **Docket No. 2025-30-0581** |
| v. | **State File No. 860018-2025** |
| **SWIFT TRANSPORTATION,** <br> **Employer.** | **Judge Lisa A. Lowe** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

Swift Transportation moved for summary judgment, and Mr. Boggs did not respond. Swift Transportation contends no genuine issue of material fact exists as to Mr. Boggs's failure to provide timely notice of his injury. For the reasons below, the Court holds that Swift Transportation is entitled to summary judgment.

### Claim History

Mr. Boggs worked as a truck driver for Swift Transportation. He injured his neck and shoulders while lifting the landing gear on his trailer on July 1, 2024. Mr. Boggs did not report the injury or seek treatment at the time because he hoped that the pain would resolve. He wanted to return home so he could treat locally if needed.

Mr. Boggs testified that he told his supervisor, Christopher Lawson, several times that he hurt his shoulder. In his petition for benefit determination, Mr. Boggs noted that he reported the injury "around" September 1, 2024.

Mr. Lawson testified by deposition that in a conversation with Mr. Boggs, he stated his shoulder was bothering him and he was going to get treatment. However, Mr. Lawson did not recall Mr. Boggs telling him that the injury happened at work, and he was not aware that Mr. Boggs alleged a July 1, 2024 work injury. Mr. Lawson said his first notice that Mr. Boggs claimed a work injury was in September 2024.

1

After an Expedited Hearing, the Court found that Mr. Boggs did not show a likelihood of establishing a reasonable excuse for failure to give timely notice of his injury. Swift Transportation moved for summary judgment with a statement of undisputed material facts. Mr. Boggs did not respond or attend the motion hearing.

## Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2025).

As the moving party, Swift Transportation must either: (1) submit affirmative evidence that negates an essential element of Mr. Boggs's claim, or (2) demonstrate that his evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2025); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If Swift Transportation meets this burden, Mr. Boggs must then show that the record contains specific facts upon which the Court could base a decision in his favor. *Id.* at 265.

Swift Transportation submitted the following undisputed facts in support of its motion:

- Mr. Boggs alleged a July 1, 2024 work injury.

- In his petition, Mr. Boggs stated he gave notice of his injury around September 2024.

- In Court filings, Mr. Boggs confirmed he did not provide written notice.

- Mr. Boggs admitted that he did not tell his Mr. Lawson that his neck/shoulder problem was a work injury.

- Mr. Lawson testified he was not aware of Mr. Boggs suffering a work injury.

- At the Expedited Hearing, Mr. Boggs testified he did not give notice within 15 days of the alleged work injury.

- In the Expedited Hearing order, the Court held that Mr. Boggs was not likely

to prevail on establishing he had a reasonable excuse for his untimely notice.

Based on the above, Swift Transportation met its burden of negating the essential element of notice. This obligated Mr. Boggs to show specific facts the Court could rely upon to establish he had a reasonable excuse for the untimely notice. Mr. Boggs did not respond to the motion or attend the hearing. He failed to show any facts to support that he had a reasonable excuse for failure to provide timely notice of his injury. Thus, no genuine issue of material fact exists as to notice, and the Court holds Swift Transportation is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Swift Transportation's Motion for Summary Judgment is granted, and Mr. Boggs's claim against it is dismissed with prejudice to its refiling. In addition, the May 20, 2026 mediation and June 17, 2026 Compensation Hearing are canceled.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court assesses the $150.00 filing fee against Swift Transportation, which shall be paid within five business days of the order becoming final.

4. Swift Transportation shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED May 7, 2026.**

_____
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 7, 2026.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| George Boggs, Self-Represented Employee | X | X | ███████████████ |
| Brayden R. Hunter, Employer's Attorney | | X | brhunter@mijs.com |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning _____ |
| SSI | $ _____ per month | beginning _____ |
| Retirement | $ _____ per month | beginning _____ |
| Disability | $ _____ per month | beginning _____ |
| Unemployment | $ _____ per month | beginning _____ |
| Worker's Comp. | $ _____ per month | beginning _____ |
| Other | $ _____ per month | beginning _____ |

LB-1108 (REV 11/15)                                                                RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental $ _____ per month

Groceries $ _____ per month    Telephone $ _____ per month

Electricity $ _____ per month    School Supplies $ _____ per month

Water $ _____ per month    Clothing $ _____ per month

Gas $ _____ per month    Child Care $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car $_____ per month

Other $ _____ per month (describe: _____ )

10. Assets:

Automobile $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House $ _____    (FMV) _____

Other $ _____    Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____